IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH HARRIS,

                                                                                             OPINION and ORDER

                 Plaintiff,

                                                                                            09-cv-311-slc[1]

     v.

RICK RAEMISCH,
DAN WESTFIELD,
and MIKE THURMER,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this proposed civil action for injunctive, declaratory and monetary relief brought under 42 U.S.C. § 1983, plaintiff Kenneth Harris contends that defendants violated the First Amendment by denying him a copy of the Prison Action Coalition's newsletter, the <u>New Abolitionist</u>.

Now before the court is defendants' motion for a change of venue because the Eastern District of Wisconsin would be a more convenient and appropriate venue. Plaintiff opposes defendants' motion and contends that they are forum shopping.

---

[1] For the purpose of issuing this opinion and order only, I am assuming jurisdiction over this case.

1

As a general rule, a strong presumption exists in favor of the plaintiff's choice of forum, but this presumption can be overcome when private and public interest factors point in favor of an alternative forum. Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981). However, 28 U.S.C. § 1404(a) allows a district court to transfer a case when the moving party has shown that transfer would serve the convenience of parties and witnesses and promote the interests of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). Determining whether to grant a motion to transfer requires an analysis of (1) the plaintiff's choice of forum; (2) the convenience to parties; (3) the convenience to witnesses; and (4) the interests of justice. Transfer is proper when venue is proper in the transferor district, the transferee district is one in which the action could have been brought and the transferee court is "clearly more convenient." Id.

Defendants do not deny that venue is proper in this court. However, they argue that this action could have been brought in the Eastern District of Wisconsin and that it would be a more convenient forum because many of the witnesses, plaintiff and defendant Thurmer reside in the Eastern District and many of the documents are located at the Waupun Correctional Institution, which is located in the Eastern District. Also, because plaintiff is a prisoner and the state must pay for his transportation to and from court, it would be more inexpensive and convenient to transport him to the Eastern District. Morever, the only connection between this case and the Western District is that defendants Raemisch and

2

Westfield reside in Madison, Wisconsin.

Despite defendants' contentions, I conclude that the Eastern District of Wisconsin is not clearly more convenient than this district. First, the difference in transporting plaintiff or any relevant documents from the Waupun Correctional Institution to Milwaukee as opposed to Madison is slight. In fact, Madison is closer and more easily accessible from Waupun than Milwaukee. Depending on defendants' choice of routes, Waupun is either 55 or 73 miles from Waupun, whereas Milwaukee is at least 80 miles. In addition, the location of documents and similar sources of proof has become almost a non-issue in this day and age. Milwaukee Electric Tool Corporation v. Black & Decker (N.A.) Inc., 392 F. Supp. 2d 1062, 1064 (W.D. Wis. 2005) ("technological advancements have diminished traditional concerns related to ease of access to sources of proof. . ."). To the extent that time and cost is a concern, the scales appear to tip in favor of Madison.

Second, to demonstrate the greater convenience of one district over another, defendants are required to "clearly specify the key witnesses to be called" and submit "affidavits, depositions, stipulations, or any other type of document containing facts tending to establish who (specifically) it plan[s] to call or the materiality of that testimony." Generac Corp. v. Omni Energy Systems, Inc., 19 F. Supp. 2d 917, 923 (E.D. Wis. 1998). Defendants argue that a majority of their anticipated witnesses reside in the Eastern District but they do not specify who these witnesses are or where they live. In contrast, plaintiff

3

argues that he plans to call a number of witnesses who are employed at the Wisconsin Department of Corrections headquarters located in Madison. Therefore, this factor does not appear to favor either district.

Last, although defendants argue that the residents of the Western District would be "burdened" by a trial to which they had no relation, this argument is both unsupported and difficult to believe. Why would the citizens of the Western District of Wisconsin be bothered less by constitutional violations in state prisons located in the Eastern District than in prisons in their own district? It would be reasonable to assume that all the residents of the state would be equally concerned with the conditions and management of state prisons, wherever the prison is located. Moreover, it is doubtful that the location of any prison has no legal significance to any prospective jurors. It would be surprising if any lay person were are knowledgeable about the boundaries of the two judicial districts in Wisconsin. Because venue is proper in this district and defendants have failed to show that the interests of justice or the convenience of the parties favors transfer, their motion will be denied.

ORDER

IT IS ORDERED that the motion of defendants Rick Raemisch, Dan Westfield and Mike Thurmer to transfer this case to the Eastern District of Wisconsin, dkt. #14, is DENIED.

Entered this 3d day of August, 2009.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge